THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
PATRICK R. FITZGERALD (Cal. State Bar No. 135512)
Assistant United States Attorney
Senior Litigation Counsel
BONNIE L. HOBBS (Cal. State Bar No. 208525)
Assistant United States Attorney
National Security Section
       1300 United States Courthouse
       312 North Spring Street
       Los Angeles, California 90012
       Telephone: (213) 894-4591/4447
       Facsimile: (213) 894-6436
       E-mail:   patrick.fitzgerald@usdoj.gov
                    bonnie.hobbs@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>HUSSEIN SALEH SALEH,<br><br>             Defendant. | CR No. 07-1267-ODW<br><br><u>PLEA AGREEMENT FOR DEFENDANT<br>HUSSEIN SALEH SALEH</u> |

1. This constitutes the plea agreement between HUSSEIN SALEH SALEH ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

## PLEA

2. Defendant agrees to plead guilty to count one of the indictment in <u>United States v. Hussein Saleh Saleh</u>, CR No. 07-1267-ODW.

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of count one, which charges a violation of Title 18, United States Code, Section 2320(a), the following must be true: (1) defendant knowingly and intentionally used a counterfeit mark on and in connection with goods (here, "Lacoste" brand polo shirts); (2) the counterfeit mark was identical with and substantially indistinguishable from genuine marks in use and duly registered for those goods on the principal register in the United States Patent and Trademark Office; and (3) the use of the mark was likely to cause confusion, to cause mistake, and to deceive. Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

## PENALTIES

4. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2320(a) is: 10 (ten) years imprisonment; a three-year period of supervised release; a fine of $2,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any

supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

7. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

8. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

On or about March 14, 2007, in Los Angeles County, within the Central District of California, defendant knowingly and intentionally possessed, with the intent to transport, transfer, or otherwise dispose of to another for purposes of commercial

3

1  advantage or private financial gain, counterfeit "Lacoste" brand
2  polo shirts, all of which bore a counterfeit mark, namely, the
3  brand name "Lacoste" and associated alligator mark.  Defendant
4  agrees that at all relevant times Lacoste Alligator S.A., a
5  Switzerland Corporation, was the legal holder of the "Lacoste"
6  mark.  Furthermore, defendant agrees that at all relevant times
7  the counterfeit mark ("Lacoste") evident on each item of such
8  counterfeit clothing was identical with and substantially
9  indistinguishable from the genuine mark in use and duly
10 registered for those goods on the principal register in the
11 United States Patent and Trademark Office.  Finally, defendant
12 agrees that at all relevant times the use of the counterfeit mark
13 contained on the counterfeit clothing defendant possessed with
14 the intent to dispose of to another for purposes of commercial
15 advantage or private financial gain was likely to cause
16 confusion, to cause mistake, and to deceive.

## WAIVER OF CONSTITUTIONAL RIGHTS

9.  By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.  (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

1        d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e)   The right to confront and cross-examine witnesses against defendant.

       f)   The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

       g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

10.   Defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, offense level, specific offense characteristics, adjustments, or departures.

## DISMISSAL OF REMAINING COUNTS AT TIME OF SENTENCING

11.   The USAO agrees at the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in

5

determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NO ADDITIONAL AGREEMENTS

12. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea

///
///
///

hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

*/s/ Bonnie L. Hobbs*             11/18/08

PATRICK R. FITZGERALD           Date
BONNIE L. HOBBS
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. This agreement has been read to me in Arabic, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No

///
///
///

7

1  one has threatened or forced me in any way to enter into this
2  agreement.  Finally, I am satisfied with the representation of my
3  attorney in this matter.

6  _____    11-18-08
   HUSSEIN SALEH SALEH                     Date
7  Defendant

9       I, _Mona Farghaly_, am fluent in written and spoken
10 English and Arabic languages.  I accurately translated this
11 entire agreement from English into Arabic to defendant HUSSEIN
12 SALEH SALEH on this date.

14 _Mona Farghaly_____    11|18|08
                                         Date
15 Interpreter

17      I am Hussein Saleh Saleh's attorney.  I have carefully
18 discussed every part of this agreement with my client.  Further,
19 I have fully advised my client of his rights, of possible
20 defenses, of the Sentencing Guidelines' provisions, and of the
21 consequences of entering into this agreement.  To my knowledge,
22 my client's decision to enter into this agreement is an informed
23 and voluntary one.

25 _____    11-18-08
   RONALD KAYE                             Date
26 Counsel for Defendant
   Hussein Saleh Saleh